IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER BOYD,<br><br>*Plaintiff*,<br><br>v.<br><br>Warden BRENWER, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:20-cv-00300-TES-CHW |

ORDER

On July 27, 2020, Plaintiff Christopher Boyd, a prisoner in Hays State Prison in Trion, Georgia, filed a 42 U.S.C. § 1983 action. [Doc. 1]. He failed to use the required § 1983 form. [*Id.*]. He also failed to either pay the $400.00 filing fee or move to proceed without prepayment of the filing fee.

On August 26, 2020, the Court ordered Plaintiff to submit the required form and either pay the filing fee or move to proceed *in forma pauperis*. [Doc. 5]. The Court forwarded the required § 1983 form to Plaintiff. *Id*. Plaintiff failed to respond. On October 1, 2020, the Court gave Plaintiff fourteen days to show cause why his action should not be dismissed for failure to follow the Court's August 26, 2020 Order. [Doc. 7].

Plaintiff responded by sending the Court a copy of the Order and Recommendation of Dismissal in a separate civil action he filed in this Court: *Boyd v. Brenwer*, 5:20-cv-287-MTT-TQL (M.D. Ga. filed July 17, 2020). He used the correct 42 U.S.C. § 1983 form in that action and moved to proceed *in forma pauperis*. *See* Complaint, Doc. 1, and Motion for Leave to Proceed *in forma pauperis*, Doc. 2, *Boyd v. Brenwer*, 5:20-cv-287-MTT-TQL. In that case, Plaintiff complains about the same February 22, 2020 assault at Baldwin State Prison that he complains about in this action. Plaintiff also names the same Defendants in both actions.

The action he filed first, *Boyd v. Brenwar*, 5:20-cv-287-MTT-TQL (M.D. Ga. filed July 17, 2020), is still pending. In fact, Plaintiff has been granted an extension to file an objection to the Recommendation of Dismissal and an amended complaint. Order on Motion for Extension of Time, Doc. 8, *Boyd v. Brenwer*, 5:20-cv-287-MTT-TQL. Plaintiff may not maintain two actions raising the same claims against the same Defendants. Because Plaintiff filed *Boyd v. Brenwer*, 5:20-cv-287-MTT-TQL first and that case is still pending, Plaintiff must pursue his claims regarding the February 22, 2020 assault against Defendants Brenwer, Stanford, and Boo in that action. *See Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 840 (11th Cir. 2017) (citation omitted) (stating that "[t]he rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit"). This action is, therefore, **DISMISSED** without prejudice.

Alternatively, to any extent that Plaintiff alleges this complaint is not raising claims against Brenwer, Stanford, and Boo related to the February 22, 2020 assault, Plaintiff has failed to follow the Court's Orders and submit the required 42 U.S.C. § 1983 form and pay the filing fee or move to proceed *in forma pauperis*. Thus, the action is also **DISMISSED** without prejudice for failure to follow the Court's Orders and prosecute this action. *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 20th day of October, 2020.

                                           S/ Tilman E. Self, III
                                           **TILMAN E. SELF, III, JUDGE**
                                           **UNITED STATES DISTRICT COURT**